```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| DARNELL SUMLIN,<br>    Petitioner, | )<br>)<br>) |
| v. | )<br>)   C.A. No. 14-14398-WGY<br>) |
| OSVALDO VIDAL,<br>    Respondent. | )<br>)<br>) |

                              ORDER
                          June 16, 2015

On December 8, 2014, Darnell Sumlin, who is confined at MCI Shirley, filed a petition for a writ of habeas corpus. Although it is clear that he is challenging a state conviction, he used a form petition for those seeking habeas relief under 28 U.S.C. § 2241 ("§ 2241"). He did not pay the $5.00 filing fee or seek leave to proceed *in forma pauperis*; a separate order has issued requiring him to do so. I have not issued an order requiring the government to respond.

A prisoner in custody pursuant to the judgment of a state court may not seek relief under § 2241 to challenge his state conviction, state sentence, or the execution of his state sentence. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("[A]uthority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" (quoting 28 U.S.C. § 2254(a))). Therefore, if Sumlin seeks collateral review of his state conviction in this court, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254").

Unlike § 2241 petitions, petitions § 2254 are subject to certain statutory requirements, including the exhaustion of state remedies, a one-year period of limitations, and restrictions on second or successive petitions. *See* 28 U.S.C. §§ 2244(b), (d), 2254(b). The form § 2254 petition which the court provides reflects some of these requirements. If Sumlin chooses to seek relief under § 2254, he must complete this form petition. *See* Rule 2(d) of the Rules Governing Section 2254 Cases (§ 2254 petition must "substantially follow" the standard § 2254 form petition or form prescribed by local rules).

Accordingly:

1. If Sumlin would like to proceed with this action, he must, within 35 days of the date of this order file an amended petition using the standard form for petitions under § 2254. Failure to do say may result in dismissal of this action. The Clerk shall provide Sumlin with the form petition.

2. The motion to allow the petition as unopposed (#4) is DENIED because no order of service has issued.

SO ORDERED.

                                                  /s/ William G. Young
                                                  WILLIAM G. YOUNG
                                                  UNITED STATES DISTRICT JUDGE